# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### BEAUMONT DIVISION

| | | |
|---|---|---|
| GLEN LEE SYMPSON | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv224 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Glen Lee Sympson, an inmate confined in the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, brought this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion to vacate be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, transcripts, and pleadings. Movant filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

The Magistrate Judge's recommendation was based on his finding that movant's reliance on *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), was misplaced because movant's sentence was not enhanced under the Armed Career Criminal Act. Further, the Magistrate Judge determined movant was entitled to no relief based on his sentence enhancement under the career offender provision. It is noted that, at the time of sentencing, movant had the following six prior criminal convictions: two convictions for burglary of a habitation; one conviction for escape; two convictions for robbery, and one conviction for bank robbery.

After careful consideration, the court concludes movant's objections should be overruled. Movant does not object to the findings and conclusions made by the Magistrate Judge, only that the Magistrate Judge did not address two additional grounds for relief. A review of the case, however,

reveals that the grounds about which movant now complains were not asserted in the motion to vacate. Instead, movant's additional grounds for relief were asserted in a letter to the Magistrate Judge and in a motion for appointment of counsel. However, for the reasons set forth below, even affording movant's additional grounds review as if they were properly amended claims does not change the outcome in this case.

Movant complains that the prosecution intentionally withheld exculpatory evidence from the court in this case, in the form of physical evidence found at the scene. Additionally, movant complains that the prosecution put perjured testimony before the court from a witness with a known history of having perjury in his witness statements.

Movant's conviction was the result of a written plea agreement. In paragraph 10 of the plea agreement, movant agreed "not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255." Movant did reserve the right to seek collateral review of a sentence in excess of the statutory maximum and for the review of a claim of ineffective assistance of counsel. However, neither of movant's claims fall within the reserved exceptions. In its response in this case, the Government observed that movant did not challenge his waiver of collateral review, and the Government sought enforcement of the waiver. Accordingly, movant's claims are barred from review based on his knowing and voluntary waiver.

Furthermore, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must

demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

<u>O R D E R</u>

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So Ordered and Signed**
**Aug 10, 2019**

_____
Ron Clark, Senior District Judge